[No. 4774.]

## GEORGE ANDERSON v. SIMON MAYERS.

COMPLAINT ON JUDGMENT.—A complaint which avers that the defendant made his note; that the plaintiff commenced an action on the note and obtained judgment, and that no part of the note or judgment has been paid, states a cause of action on the judgment and not on the note, and does not state two causes of action.

TIME WHEN ACTION IS COMMENCED.—If a complaint on a judgment is amended so as to state a cause of action on a promissory note, the action on the note is not commenced until the-amended complaint is filed, and the Statute of Limitations on the note commences running at the time last mentioned.

IDEM.—When a complaint is amended so as to state a new cause of action, the action is not commenced as to said new cause until the-amended complaint is filed.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The complaint was filed December 5, 1872. The first amended complaint was filed November 4, 1873. The note described in this complaint was as follows:

"AUSTIN, December 1, 1866.

"Four months after date, I promise to pay to George Anderson, eighteen hundred dollars, in gold coin, for value received.

"SIMON MAYERS."

Austin is in the State of Nevada. The second amend-

ment to the complaint, which stated a cause of action on the note alone, was made August 21, 1874. The defense relied on was that the defendant had resided in this State more than two years since the note fell due, and before the action was commenced on it. On the trial it was admitted that the defendant had been in this State more than two years at the time the last amendment was made to the complaint. The court below granted a nonsuit, and the plaintiff appealed.

The other facts are stated in the opinion.

*J. W. Roper*, for the Appellant.

The note being given out of this State would, under section 339 of the Code of Civil Procedure, have to be sued on within two years after the cause of action accrued, if such action was commenced in this State. The cause of action accrued on the note on April 1, 1867. Since that time the defendant had not been in this State two years up to the 4th day of November, 1873, when the first amended complaint was filed. That complaint contained a cause of action on the note.

*Crane & Boyd*, for the Respondent.

The fallacy of the position of counsel for plaintiff lies in the assumption that the complaint of November, 1873, stated a cause of action on the promissory note. Upon the facts there stated it necessarily follows, in contemplation of law, that when the note was turned into a judgment it lost its actionable character, and the remedy of the plaintiff was confined to his judgment.

By the COURT:

The question presented in this case is whether the action upon the promissory note is barred by the Statute of Limitations, and that question depends upon the construction to be given to the amendment to the complaint.

The cause of action stated in the original complaint is a judgment rendered in the District Court of the Sixth Judicial District of the State of Nevada. The first amended

complaint states that the defendant made and delivered to the plaintiff the promissory note therein described; that the plaintiff commenced an action on the note in the above-mentioned court; that a judgment was rendered in that action in favor of the plaintiff and against the defendant for the amount of the promissory note (the judgment itself being recited at length); "that the defendant has never paid any part of said note, or the interest thereon, or of said judgment, or the interest thereon, and that the same is now wholly due and unpaid." The cause of action therein stated is a judgment rendered upon the promissory note therein described. The complaint does not, in any sense, contain two causes of action, one upon the note and the other upon the judgment rendered on the note. The allegation that the judgment was rendered upon the note is, in legal effect, an allegation that the note had become merged in the judgment. There could be no cause of action on a note upon which a valid judgment had been rendered.

The plaintiff amended his amended complaint by striking out all the allegations in respect to the judgment, leaving it as a complaint, good in form, upon a promissory note, and the action was tried upon the complaint as amended.

If the construction we have given to the first amended complaint be correct, that it did not contain two causes of action, the one upon the promissory note, and the other upon the judgment rendered on the note—and we see no reason to doubt its correctness—then it must be held that the complaint did not state a cause of action on the promissory note until the last amendment was made. The action was not brought on the promissory note until that amendment was made, and the period mentioned in the Statute of Limitations had completely run before the action was brought on the note.

Order affirmed.