<hr />

[No. 8,100.—Department One.]
July 27, 1882.

SAMUEL H. MEEKS, SEN., *v.* THE SOUTHERN PACIFIC R. R. CO.

| 61 | 149 |
| 127 | 168 |

| 61 | 149 |
| 132 | 428 |

| 61 | 149 |
| 137 | 68 |

STATUTE OF LIMITATIONS—AMENDMENT TO COMPLAINT—VARIANCE.—The original complaint alleged that by reason of injuries inflicted upon the plaintiff's son by the defendant the plaintiff had been compelled to *pay* certain sums of money for surgical and medical attention, etc., amounting in the aggregate to three hundred and sixty-nine dollars. The complaint, more than four years after the cause of action accrued, was amended so as to allege that the plaintiff paid a portion of the said amount and incurred liability for the balance prior to the beginning of the suit.

*Held :* The cause of action to recover the sum for which the plaintiff had become liable, but which he had not paid, was barred by the statute of limitations.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the County of San Bernardino. ROLFE, J.

*R. R. Chapman* and *H. M. Willis,* for Appellant.

When a complaint is amended so as to state a new cause of action, the action is not commenced as to new cause of action until amended complaint is filed. (*Anderson* v. *Mayers,* 50 Cal. 525; *Atkinson* v. *The A. & S. Canal Co.,* 53 id. 102.)

There can be no question as to the commencement of the running of the statute of limitations in actions like the one at bar. As soon as the plaintiff has incurred a liability by reason of the wrongful act of the defendant, the cause of action accrues. (*Karr* v. *Parks,* 44 Cal. 46; *Wilson* v. *McEvoy,* 25 id. 169; *Battley* v. *Faulkner,* 3 Barn. & Ald. 288; *Sykes* v. *Lawlor,* 49 Cal. 236; Sedgwick on Measure of Damages, 8th ed., 106, 197.)

An allegation of *payment* of a physician's bill is not sustained by proof of its having been incurred. (*Pritchett* v. *Boevey,* 1 Cromp. and M. 775; *Jones* v. *Lewis,* 9 Dowl. P. C. 143; *Ward* v. *Haws,* 5 Minn. 440.)

*C. W. C. Rowell,* for Respondent.

The amendment to the complaint does not state a new cause of action.

The cause of action was for expenses incurred for the treatment of the son of plaintiff for injuries caused by defendant's negligence. In original complaint the expenses were alleged as that " plaintiff had been compelled to pay." In amendment the allegation is that plaintiff " had incurred and paid," etc. And both refer to the same facts out of which the cause of action arose. (*Nevada County & Sac. C. Co.* v. *Kidd,* 28 Cal. 684.) But under the allegation of the complaint no amendment was necessary. (2 Greenleaf on Evidence, Redfield's edition, § 118 and cases cited.) Unless variance likely to mislead the appellant to his prejudice, it is of no moment. (*Began* v. *O'Reilley,* 32 Cal. 11.)

McKINSTRY, J.:

We are inclined to the opinion that defendant's demurrer to the amended complaint was, for certain technical reasons, properly overruled.

But defendant pleaded the limitation of Section 339 of the Code of Civil Procedure.

No action was brought to recover the sum for which plaintiff had become "liable," for medical attendance, etc., until August 24, 1881, nearly four years after the original complaint was filed. The Court found that plaintiff necessarily incurred liabilities for medical attendance, nursing, etc., in the sum of three hundred and fifty-five dollars prior to the commencement of the action, of which the sum of one hundred and fifteen dollars was paid before the action was brought.

It follows that the period prescribed by Section 339 of the Code of Civil Procedure, within which the action to recover the sum for which the plaintiff had become liable, but which he had not paid, had elapsed when the amended complaint was filed. The judgment therefore ought to have been for one hundred and fifteen dollars instead of three hundred and fifty-five dollars.

Ordered that the judgment be modified to accord with the views hereinbefore expressed.

Ross and McKee, JJ., concurred.