[No. 13425. Department One. — January 29, 1890.]

S. WITKOWSKI ET AL., RESPONDENTS, v. SAMUEL J. HERN ET AL., APPELLANTS.

OFFICIAL BOND OF CONSTABLE — LIABILITY FOR NEGLIGENCE — INJURY TO GOODS ATTACHED. — A constable and the sureties on his official bond are responsible for the non-performance of his official duty in so carelessly or negligently using goods attached by him that they are damaged through such negligence while in his custody, though they were seized under a proper writ.

ORDER REFUSING NONSUIT — FAILURE TO EXCEPT — REVIEW ON APPEAL. — An order refusing a nonsuit, not being appealable, is not deemed excepted to, and when not actually excepted to cannot be reviewed on appeal.

PLEADING — AMENDMENT — SUPPLEMENTAL CAUSE OF ACTION — WAIVER. — The answering of an amended complaint is a waiver of objection that it alleges a new cause of action which arose after the institution of the suit.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion.

*E. W. Holland*, for Appellants.

*J. S. Clark*, and *W. B. Wallace*, for Respondents.

FOOTE, C.—This action was brought against a constable, his sureties on his official bond, and two other persons, John McGinley and F. M. Shultz, for damages resulting from the carelessness of the defendant as such officer in not preserving and taking care of the personal property of the plaintiff, P. H. Nelson (now dead), so that it became damaged. The cause was revived after the death of Nelson in the name of his executors, S. Witkowski and Albert Nelson, and upon the overruling of a demurrer filed to the third amended complaint, the defendant answered, and the cause was tried before a jury. A motion for a new trial was denied, except as to McGinley and Shultz, and the jury returned a verdict for the plaintiff in the sum of three hundred dollars, against the constable Hern and his sureties. From the judgment thereupon rendered, and an order denying a new trial, this appeal is taken.

The demurrer, it is claimed, should have been sustained, because, as is asserted, the complaint does not show any facts which would entitle the plaintiff to recover against the constable and his sureties.

The argument is, that no trespass is claimed, and that the other facts alleged do not show any violation of official duty imposed by law. The gist of the action as brought, and the evidence in support of the plaintiff's contention, shows that the negligence of the constable in allowing the plaintiff's property after seizure, under a suit of attachment, to become damaged was what was relied on to enable the plaintiff to recover.

Conceding that the complaint shows that the defendant Hern, as a constable, seized the property in dispute under a proper writ, yet if he so used the property in his custody as that by his carelessness or negligence it was damaged, he and his sureties were responsible for the non-performance of his official duty. And hence the demurrer was properly overruled.

The answer admits that Hern, as constable, by vir-

tue of the writ of attachment, held possession of the property involved here until about a year after its seizure, when he returned it to Nelson, the plaintiff, but denies that during such time as he held it as an officer any damage resulted to it from his carelessness or negligence, so that the whole matter as to the claim for damages turned upon the question as to whether or not the property was so carelessly and negligently cared for by the constable, while it was in his official custody for about a year, that the plaintiff suffered the damages which he claimed and recovered.

The evidence showed, as we think, that the officer was grossly negligent, and that such negligence damaged the plaintiff to the extent for which recovery was had; hence the verdict of the jury should be upheld.

The appellant makes the further point, that in his complaint the plaintiff states "that said defendant, Samuel J. Hern, well and faithfully executed and performed all the duties of the office of constable of Tulare township, Tulare County, California"; and then inquires, "Can the respondents be permitted to deny facts set forth in the complaint?" An inspection of the complaint at folio 99 of the transcript shows that this language was in reference to the alleged condition of the bond, and that what was meant was that the sureties were "bound in the penal sum of one thousand dollars each; . . . . that said defendant, Samuel J. Hern, well and faithfully executed and performed all the duties of the office of constable of Tulare township, Tulare County, California."

As the appellant, after the respondent's explanation in his brief, does not urge this point again in his reply, we must conclude that he perceives, after consideration, its want of force.

It is also urged that the motion for a nonsuit ought to have been granted. But the defendants did not except to the action of the court in refusing their motion,

and an order refusing a nonsuit is not appealable, and not being appealable, it is not an order which is deemed excepted to; hence the action of the court in refusing the motion cannot be reviewed here. (*Schroeder* v. *Schmidt*, 74 Cal. 460; *Christie* v. *Christie*, 53 Cal. 27; Code Civ. Proc., sec. 647.)

The point is also taken that the third amended complaint alleges a new cause of action, arising after the institution of the suit, and this amendment is claimed not to be allowable.

Even if the amendment thus made alleged a new cause of action arising after suit brought, and the amendment was wrongfully allowed, the appellants are not *now* in a position to object. They answered the third amended complaint. If they had any good ground of objection, they waived it by the course they pursued. (*Cox* v. *W. P. R. R. Co.*, 47 Cal. 90; *Secor* v. *Law*, 9 Bosw. 163.)

We perceive no error in the record, and advise that the judgment and order be affirmed.

VANCLIEF, C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.