# PERKINS v. WEST COAST LUMBER COMPANY.

## No. 19,124;.August 25, 1893.

### 33 Pac. 1118.

**Attorney—Action for 'Services—Damages for Negligence.—**In an action for services as an attorney between certain dates, a finding of damages for defendant because of negligent advice given defendant at a time prior thereto must be disregarded, such negligence not having been pleaded.

**Attorney—Action for Services—Amendment on Appeal.—**Where the value of services sued for is found to be more than alleged in the complaint, the latter cannot be amended on appeal to conform to the findings.

APPEAL from Superior Court, San Bernardino County; John L. Campbell, Judge.

Action by C. J. Perkins against the West Coast Lumber Company for attorneys' fees. From a judgment for defendant, plaintiff appeals. Reversed.

Paris & Fox and Rolfe & Freeman for appellant; Harris & Gregg for respondent.

TEMPLE, C.—Plaintiff appeals upon the judgment-roll. The points presented arise upon the pleadings and the findings of the court. Plaintiff sues for services as an attorney and counselor at law. His complaint states three causes of action. In the first it is alleged that defendant contracted with him June 1, 1888, for his services, agreeing to give him $35 per month as a general retainer, and as compensation for writing letters, adjusting claims, and for advice,. and agreed to pay a reasonable compensation for services in prosecuting and defending suits; that he performed the general services until March 1, 1890, which were worth $735, and also performed other services during the same period in prosecuting and defending suits and drafting instruments for defendant worth $3,044.75; that he has been paid on account of such services $1,865.15. The second cause of action is for $116.20, money laid out and expended for defendant. The third count

is a quantum meruit to recover for services alleged to have been rendered between June 1, 1888, and April 1, 1890, worth $4,079.75, and admitting a payment on account thereof of $1,865.15. Plaintiff demands judgment for $1,981.35. The answer consists of (1) a general denial; (2) an averment of a contract different from that alleged by plaintiff, with a plea of payment; (3) another statement of the contract between the parties, with a claim of full performance on the part of defendant; and (4) a counterclaim for goods sold plaintiff amounting to $2,867.10, of which $1,574.60 has not been paid. Defendant demands judgment in the sum of $1,574.60. The court finds the contract as it is averred by plaintiff. It also finds the value of the services on the general retainer to be $735, and for the other services $3,228.53, and that plaintiff laid out and expended for defendant the sum of $116.20; total, $4,079.73. It also finds that plaintiff is indebted to defendant for goods sold in the sum of $1,332.28. Plaintiff admits in his complaint payment of the sum of $1,865.15. There is no finding in regard to this matter. The court did find, however, that on the seventeenth day of April, 1888, which was prior to the employment alleged in the complaint, to which the other findings refer, plaintiff was employed by defendant in regard to its claim against one Newman, and in such employment so negligently advised the defendant in regard to the said demand that defendant lost the sum of $3,408.77, which sum it finds is justly due defendant as damages, and thereupon, as a conclusion of law, finds that defendant is entitled to judgment against the plaintiff in the sum of $661.40, for which, with costs, judgment was entered.

The appellant contends here that the finding in regard to the damages resulting to defendant through the alleged negligence of the plaintiff must be disregarded, because it is not responsive to any issue in the case, and that plaintiff should be permitted to so amend his complaint that it will sustain a judgment for the sum of $2,747.47, which the findings show is due plaintiff; if the finding in regard to the alleged damage be stricken out. The first part of this contention I think must be sustained. There is no allusion to the alleged negligence in any pleading, and there is therefore nothing to support the finding of the damage as a counterclaim. The alleged negligence was not in the performance of any part of the services

for which suit is brought, and therefore, if the contention was well founded, did not affect the value of those services. Even if it were conceded that the claim for such damage by defendant is a cross-demand, within the meaning of section 440 of the Code of Civil Procedure, it would still be necessary to plead it under the circumstances of this case. It cannot be considered the debit side of the account sued on. It is an unliquidated demand for damages. But it does not follow that plaintiff is entitled to judgment on the findings for the balance that will then appear to be due. Leave might as well be granted the defendant to amend its pleading to cover the judgment already entered. I think the fairest thing will be to remand the case for a new trial, when the trial court can allow such amendments to be made to the pleadings as will be conducive to justice.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and cause remanded for a new trial, with leave to the parties to amend their pleadings as they may be advised.