## PERKINS v. WEST COAST LUMBER CO.[*]

### L. A. No. 160; May 21, 1897.

48 Pac. 982.

**Counterclaim.—An Attorney Sued for Services Under** a contract. Defendant claimed damages from negligent advice given by plaintiff before the contract was made, and not given in the performance of the services sued for. Held, that defendant's claim, being for unliquidated damages, should be pleaded, to be available, even though treated as a cross-demand, within Code of Civil Procedure, section 440, providing that "when cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated, so far as they equal each other, and neither can be deprived of the benefit thereof by the assignment or death of the other."

**Counterclaim—Limitations.—Not Having Been Pleaded** in the original answer, limitations ran against defendant's claim, till set up in an amended answer.

**Counterclaim—Limitations.—The Trial Court's Failure to Find** on issues presented by a counterclaim against which limitations have run is immaterial, where findings upon such issues could not have defeated the bar of limitations.

**Trial.—A Concluding Finding That "All Other Averments in** the pleadings herein and in issue, not comprised and passed upon in these findings, are not true," is improper, but is not reversible error, where the preceding findings are so full and specific, and so clearly cover all the material issues, as to rebut the suggestion of uncertainty.

APPEAL from Superior Court, San Bernardino County; John C. Campbell, Judge.

Action by C. J. Perkins against the West Coast Lumber Company. From a judgment in favor of plaintiff defendant appeals. Affirmed.

F. W. Gregg for appellant; Rolfe & Rolfe and Paris & Allison for respondent.

HAYNES, C.—This action is prosecuted by the plaintiff, an attorney at law, to recover for professional services rendered to the defendant under a special contract made June

*For subsequent opinion in bank, see 120 Cal. 27, 52 Pac. 115.

4, 1888, and for moneys paid out for the defendant at its request. Said contract fixed a monthly salary as a retainer, and for advice, etc., and provided that for his services in litigated cases he should have a reasonable compensation. This contract was terminated March 1, 1890. After deducting payments, and an account against the plaintiff for lumber, the court found there was due the plaintiff $1,879.75, with interest thereon from the commencement of the action; and from the judgment entered thereon the defendant appeals upon the judgment-roll.

The principal question arises out of a counterclaim for damages pleaded by the defendant, wherein it was alleged, in substance, that in 1887 J. W. Newman, as contractor, agreed to erect for A. P. Clubine twelve frame dwelling-houses, for which Newman was to be paid, upon completion, $8,200; that the buildings were completed on April 19, 1888; that the contract was not recorded until long after the work was commenced; that defendant furnished the contractor lumber to be used in the erection of said houses, and which was used therein, of the value of $3,408.77; that on May 18, 1888, the plaintiff, as the attorney of defendant, advised it not to file a lien against said buildings for the material so furnished, as defendant would obtain the amount due it out of the foreclosure suit and lien judgment Newman would obtain in the foreclosure of his lien; that, at the time he so advised defendant, he knew that the contract was not filed for record in the recorder's office until long after the work was commenced; that Newman obtained judgment against Clubine May 16, 1888, but acquired no lien, because of the failure to file the contract in time, and that said judgment has not been paid, because of the insolvency of Clubine; and that Newman is insolvent. This action was commenced by the plaintiff on April 24, 1890, and this counterclaim was first pleaded July 21, 1894. And for the purpose of avoiding the statute of limitations the defendant further alleged that its cause of action for said damages arose out of the transactions set forth in the complaint; that, at the time said advice was given, defendant had no other legal adviser; and that it was agreed and understood at the time the contract of June 4th was entered into that it included the counsel and advice above mentioned, and that at the time the advice was so given a

formal agreement as to compensation should be made, and should include the advice so given. To this counterclaim the plaintiff pleaded that it was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure. The court found that said advice was given, and that defendant was damaged thereby as alleged, but that no fee was charged by the plaintiff therefor, and that its cause of action was barred by the statute, which requires such actions to be brought within two years. Appellant contends that its counterclaim for damages is not barred by the statute; that said advice was given on April 17, 1888, two years and seven days before plaintiff brought suit, but that the advice was not legally injurious until the time expired within which the defendant might have filed his notice of lien, viz., May 20, 1888; and that this action was commenced by the plaintiff on April .24, 1890.

Upon the first trial of this case the defendant was permitted by the court to give evidence of its said claim for damages without having pleaded it, and recovered therefor, but on appeal by the plaintiff it was held that the finding of damages in favor of the defendant should be disregarded because not responsive to any issue in the case; "that even if it were conceded that the claim for such damage by defendant is a cross-demand, within the meaning of section 440 of the Code of Civil Procedure, it would still be necessary to plead it, under the circumstances of this case. It cannot be considered the debit side of the account sued on. It is an unliquidated demand for damages": Perkins v. West Coast Lumber Co. (Cal.), 33 Pac. 1118. That it was necessary to plead defendant's claim for damages is conclusively settled by the former appeal, and, that being true, it follows that, not having been pleaded within the time limited by the statute, it was barred; such pleading, though made by the defendant in the action by way of counterclaim or cross-demand, being the commencement of an action therefor. We see no distinction between an amended answer which sets up a cross-demand against the plaintiff and an amended complaint setting up a new cause of action against the defendant, so far as the statute of limitations is concerned; and as to the latter the bar is determined by the date of the amendment, and not by the date of the commencement of the action: Anderson v. Mayers, 50 Cal. 525; Atkinson

v. Canal Co., 53 Cal. 102. It is argued by appellant, however, that plaintiff upon the former appeal made the point that said damages were barred, and that, if this court had been of that opinion, it would have said so. But that question was not before the court upon the record, and its silence cannot be construed as a decision of the question.

Appellant's further contention that the court failed to find upon material issues presented by said counterclaim cannot be sustained. As was held upon the former appeal, it was necessary to plead defendant's demand for damages, even if such cross-demand were within the meaning of section 440 of the Code of Civil Procedure; and, as the bar of the statute must be determined by the date at which such demand is pleaded, it is obvious that, if all .the allegations of the sixth paragraph of said counterclaim had been· specifically found by the court to be true, it would not avail to defeat the finding that its claim for damages was barred, and in view of that finding it is immaterial whether the wrong advice which , caused the damage was given under, or was embraced within, the special contract of June 4, 1888, or not.

It is also contended that the judgment must be reversed because of the sixteenth finding, which is as follows: "That all other averments in the pleadings herein and in issue, not comprised and passed upon in these findings, are not true." We do not see why this so-called finding was made. We have discovered no material issue which is not covered by the specific findings, nor are we pointed to any supposed omissions to find, except those already noticed. This, however, is not a finding upon any issue, but it finds that "all averments in the pleadings" not covered by the preceding findings, whether made by the plaintiff or defendant, are not true; and, if not true, they could not be the basis of any specific finding in favor of either party against the other which could affect the judgment. Such statements, however, are suggestive of uncertainty, and are therefore mischievous, and should not be encouraged. We do not think this finding will justify a reversal of the judgment. The preceding findings are so full and specific, and so clearly cover all the material issues, as to rebut the suggestion of uncertainty; and in this respect we think this case may be distinguished from Harlan v. Ely, 55 Cal. 344, Bank of Woodland v. Treadwell,

55 Cal. 380, and other cases cited by appellant. We advise that the judgment be affirmed.

We concur: Belcher, C.; Britt, C.

PER CURIAM. —For the reasons given in the foregoing opinion the judgment is affirmed.