ASHER GREEN, Respondent, *v.* ANDREW J. DAVIES et al., Appellants, Impleaded with Another.

1. PLEADING — IMPROPER JOINDER OF CAUSES OF ACTION FOR SLANDER AND MALICIOUS PROSECUTION — CODE CIV. PRO. § 484. Causes of action for slander and malicious prosecution or for malicious abuse of legal process cannot be united in the same complaint. (Code Civ. Pro. § 484.)

2. SAME. A complaint alleging in substance that the defendants conspired to traduce and injure the plaintiff; that in pursuance of the said conspiracy several of the defendants slandered him and maliciously and fraudulently instituted a suit for slander against him, in which he was arrested, by which conspiracy and defendants' acts thereunder he suffered damages, does not state a single cause of action for conspiracy to injure the plaintiff, of which the slander and arrest are merely overt acts, but states two distinct and separate causes of action, one for slander, the other for malicious prosecution or for malicious abuse of legal process, which are improperly united, and the complaint is, therefore, demurrable upon that ground.

3. ACTION FOR SLANDER MAINTAINABLE AGAINST ONE OR MORE PERSONS. An action for slander is maintainable against one or more persons: if several slanders are uttered in pursuance of a common agreement between the parties that they should be uttered, then each party is jointly liable with the other for its utterance, and separate causes of action therefor may be joined in the same complaint.

*Green* v. *Davies*, 100 App. Div. 859, reversed.

(Argued October 8, 1905; decided October 24, 1905.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 5, 1905, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The following question was certified :

" Does it appear upon the face of the amended complaint in this action that causes of action have been improperly united in that

" *First.* The cause of action against each defendant for slanders alleged in said amended complaint to have been published by him are joined therein with causes of action for

slander alleged to have been published by his co-defendants;
and

"*Second.* The cause of action alleged in said amended com-
plaint for the arrest of the plaintiff and for malicious abuse
of legal process against the plaintiff, has been joined with
causes of action for the slanders alleged to have been pub-
lished by the various defendants?"

The nature of the action and the facts, so far as material,
are stated in the opinion.

*S. Livingston Samuels* for appellants.    An action cannot be
maintained against several persons jointly for slander, because
the words spoken by one are not the words of another, the
act of each constituting an entire and distinct wrong. (*Cham-
berlain* v. *White,* Cro. Jac. 647; *Chamberlain* v. *Willmore,*
Palmer, 313; *Burcher* v. *Orchard,* Styles, 349; *Lawson's
Case,* Clayton, 17; *Swithin* v. *Vincent,* 2 Wils. C. P. 227;
*Barratt* v. *Collins,* 10 Moore, 451; *Blake* v. *Smith,* 19 R. I.
476; *Baker* v. *Young,* 44 Ill. 42; *Broadcap* v. *Sipe,* 6 Gratt.
[Va.] 213, 217; *Webb* v. *Cecil,* 9 B. Mon. [Ky.] 198; *Penters*
v. *England,* 1 McCord [S. C.], 14; *Gilbert* v. *C. F. Lodge,* 80
Ga. 284, 286.)    An allegation that the slanderous words were
spoken pursuant to a conspiracy between the defendants does
not affect the application of the rule. (*Glass* v. *Stewart,* 10
S. & R. 222.)    The union of the causes of action for slander with
that for malicious prosecution and arrest constitutes misjoinder
of causes of action under section 484 of the Code. (*Anderson*
v. *Hill,* 53 Barb. 238; *De Wolf* v. *Abraham,* 151 N. Y. 186;
*Dodge* v. *Colby,* 37 Hun, 515.)    The allegation of a conspiracy
does not affect the application of the rule, since no action lies
for a mere conspiracy; the latter being only matter of induce-
ment and the cause of action being for the injury done. (*Jones*
v. *Baker,* 7 Cow. 445; *Hutchins* v. *Hutchins,* 7 Hill, 104;
*People* v. *Sheldon,* 139 N. Y. 251; *Brackett* v. *Griswold,*
112 N. Y. 454; *Glass* v. *Stewart,* 10 S. & R. 222; *Parker*
v. *Huntington,* 68 Mass. 124; *Goldberg* v. *Utley,* 60 N. Y.
427; *Wiles* v. *Suydam,* 64 N. Y. 173; *Reed* v. *Livermore,*

101 App. Div. 254; *Tew* v. *Wolfsohn*, 174 N. Y. 272.) Different wrongs, perpetrated at different times and places, whether by one or more tort feasors, cannot be treated as one cause of action for which an aggregate amount of damages may be claimed even though conspiracy be charged. Each tort must be separately stated as a single cause of action. (Code Civ. Pro. § 483; *Pike* v. *Van Wormer*, 5 How. Pr. 171; *Woods* v. *Pangburn*, 75 N. Y. 495; *Fleischman* v. *Bennett*, 87 N. Y. 231; *Kolel* v. *Eliach*, 29 Misc. Rep. 499; *Lee* v. *Kendall*, 56 Hun, 610; *Gunn* v. *Fellows*, 41 Hun, 257; *Wade* v. *Kalbfleisch*, 58 N. Y. 282; *Brackett* v. *Griswold*, 103 N. Y. 425; *Knapp* v. *Roche*, 94 N. Y. 329; *H. Nat. Bank* v. *Lacombe*, 84 N. Y. 367.)

*Laurence G. Goodhart* for respondent. The complaint states only one cause of action, conspiracy. (*Messina* v. *Clark*, 17 Abb. Pr. 188; *D. W. Co.* v. *H. W. Co.*, 3 Misc. Rep. 582; *B. L. O. Co.* v. *S. O. Co.*, 106 N. Y. 169; *Dodge* v. *Bradstreet*, 59 How. Pr. 104; *Pierson* v. *McCurdy*, 61 How. Pr. 137; *Robinson* v. *Brown*, 166 N. Y. 159; *Brander* v. *Holland*, 33 Hun, 288; *Smith* v. *Schulting*, 14 Hun, 52.) The complaint states a cause of action for conspiracy at common law. (*People* v. *N. R. S. R. Co.*, 121 N. Y. 583; *People* v. *Sheldon*, 139 N. Y. 251; *Place* v. *Minster*, 65 N. Y. 89; *Judd* v. *Harrington*, 139 N. Y. 105; *Arnot* v. *P. & E. C. Co.*, 68 N. Y. 558; *Kellogg* v. *L. V. R. R. Co.*, 61 App. Div. 35; *D. W. Co.* v. *H. W. Co.*, 3 Misc. Rep. 582; *People* v. *Fisher*, 14 Wend. 9; *Rex* v. *Seward*, 1 Ad. & E. 706; *More* v. *Bennett*, 15 L. R. A. 390; *T. S. C. Co.* v. *Adove*, 63 Texas, 650.) The specific acts perpetrated by the defendants, in pursuance of the conspiracy against the plaintiff, were in themselves actionable wrongs, thus rendering the defendants liable in conspiracy as joint wrongdoers. (*Place* v. *Minster*, 65 N. Y. 89.) A cause of action is stated against the defendants. (*April* v. *Baird*, 32 App. Div. 226; *Tappan* v. *Powers*, 2 Hall, 277; *Messina* v. *Clark*, 7 Abb. Pr. 193; *Verplanck* v. *Van Buren*,

76 N. Y. 247; *Smith* v. *Lockwood*, 13 Barb. 217; *Van Norden* v. *Robinson*, 45 Hun, 567; *Yetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 162.) There was no misjoinder of causes of action as alleged in the demurrers. (*B. L. O. Co.* v. *S. O. Co.*, 42 Hun, 153; *Belinger* v. *Sweet*, 1 Abb. [N. C.] 264; *Messina* v. *Clark*, 7 Abb. Pr. 193; *Verplanck* v. *Van Buren*, 76 N. Y. 259; *N. P. R. R. Co.* v. *Kindred*, 14 Fed. Rep. 77; *People* v. *Tweed*, 63 N. Y. 194; *Wildee* v. *McKee*, 111 Penn. St. 337; *Robinson* v. *Brown*, 166 N. Y. 159; *Allen* v. *Flood*, L. R. [App. Cas. 1898] 1; *Davis* v. *United Engineers*, 28 App. Div. 396.) An action can be maintained against several persons jointly, no matter in what form the action of the conspirators manifest itself, if therefrom injury is inflicted and damages are sustained. (*Green* v. *Davies*, 100 App. Div. 359.) The conspiracy charged is the gist of the action, and the acts done pursuant thereto which inflict the damage are pleadable. (*Place* v. *Minster*, 65 N. Y. 89; *Green* v. *Davies*, 100 App. Div. 359; *People* v. *Sheldon*, 139 N. Y. 251; *People* v. *Willis*, 34 App. Div. 303; 158 N. Y. 392.)

CULLEN, Ch. J. The complaint alleges that the defendants conspired to traduce the plaintiff and injure him in his good name and reputation and lead his intimate acquaintances and business customers to believe that the plaintiff was insane and not capable of attending to his business, and to cause the plaintiff to be imprisoned on a false charge and to wickedly abuse the process of the Supreme Court; that in pursuance of the said conspiracy several of the defendants uttered against the plaintiff several slanders, particularly set forth in the complaint, and in further pursuance of such conspiracy one of the defendants maliciously and fraudulently instituted a suit in the Supreme Court against the plaintiff for a slander alleged to have been uttered by the plaintiff against said defendant; that the plaintiff was arrested and held to bail in said action, which action was thereafter terminated in favor of the plaintiff, the defendant in said action; by which con-

spiracy and the acts of the defendants thereunder plaintiff
suffered damage. The plaintiff also asks judgment for a fur-
ther sum which he alleges he was compelled to expend in the
defense of the action brought against him. To this complaint
the appellants demurred on the ground that separate causes
of action were improperly joined, to wit: *First*, a cause of
action for slander and one for malicious abuse of legal proc-
ess; *second*, a cause of action for slander uttered by one of
the appellants with causes of action for slanders uttered by
the other defendants. The demurrer was overruled at Spe-
cial Term and the interlocutory judgment entered on that
decision was affirmed by the Appellate Division by a divided
court, which has allowed an appeal to this court.

That, under section 484 of the Code of Civil Procedure, a
cause of action for slander cannot be united with one for
false imprisonment, even if they originated simultaneously,
was held by this court in *De Wolfe* v. *Abraham* (151 N. Y.
186). The same principle necessarily condemns the joinder
of a cause of action for slander with one for malicious prose-
cution or for malicious abuse of legal process. This much was
conceded by the learned courts below, but their judgments
proceeded on the theory that the action was not for slander or
malicious prosecution, but for conspiracy to injure the plain-
tiff, of which the slander and arrest were merely the overt acts
done in execution of the conspiracy. We are of opinion that
this doctrine is opposed to the decisions in this state and can-
not be upheld. While it is true that in a criminal prosecution
for conspiracy the unlawful combination and confederacy are
the gist of the offense, not the overt acts done in pursuance
thereof, which at common law it was not necessary to set
forth in the indictment, though that rule has been changed
by the statute law of this state, the doctrine does not apply to
civil suits for actionable torts. In *Hutchins* v. *Hutchins* (7
Hill, 104) it was said by Chief Justice NELSON, citing authori-
ties: "The writ of conspiracy, technically speaking, did not
lie at common law in any case, except where the conspiracy
was to indict the party either of treason or felony, by which

his life was in danger, and he had been acquitted of the indictment by verdict. All the other cases of conspiracy in the books were but actions on the case; and though it was usual to charge the conspiracy in the declaration, the averment was immaterial, and need not be proved. The action could always be brought against one defendant; or if brought against more, one might be found guilty, and the rest acquitted." The question again arose in *Brackett* v. *Griswold* (112 N. Y. 454), where Judge ANDREWS wrote: "The gravamen is fraud and damage, and not the conspiracy. * * * The allegation and proof of a conspiracy in an action of this character is only important to connect a defendant with the transaction and to charge him with the acts and declarations of his co-conspirators, where otherwise he could not have been implicated. But a mere conspiracy to commit a fraud is never of itself a cause of action, and an allegation of conspiracy may be wholly disregarded and a recovery had, irrespective of such allegation, in case the plaintiff is able otherwise to show the guilty participation of the defendant. * * * Whenever it becomes necessary to prove a conspiracy in order to connect the defendant with the fraud, no averment of the conspiracy need be made in the pleadings to entitle it to be proved. These principles are well settled. The opinion of Chief Justice NELSON in *Hutchins* v. *Hutchins* (*supra*) contains an elaborate consideration of the subject, and no other authority need be cited." In *Keit* v. *Wyman* (67 Hun, 337) the complaint was brought against two defendants for maliciously conspiring to injure the reputation and business credit of the plaintiff by charging and circulating among his acquaintances and customers the report that he had defrauded his former partner. On the trial the plaintiff failed to connect one of the defendants with the utterance of the slanders, but recovered judgment against the other. On appeal it was contended that the action was for conspiracy, and that the acquittal of one of the two defendants was fatal to its maintenance. This contention was overruled by the General Term of the first

department in a very clear opinion written by Judge FOLLETT, who showed from the authorities that the gravamen of the action was not the conspiracy, but the tort. There may be apparent exceptions to this rule, but the exceptions are more apparent than real. Such was the case of *Train* v. *Taylor* (51 Hun, 215). That case, as shown by Judge FOLLETT, was rightly decided, whether the reasons given for the decision were correct or not. The action was brought against a firm and its creditor for an alleged fraud by which the members of the firm purchased goods on credit, intending not to pay for the same; they sold said goods and with the proceeds thereof paid their co-defendant, who was their creditor. The jury found a verdict in favor of the firm, but against the creditor. This judgment was properly reversed because it was impossible that there could be any fraud on the part of the creditor unless his debtors, his co-defendants, had been guilty of fraud in the purchase of the goods. There may be cases where acts committed in pursuance of a *combination* of a number of persons to injure a third person are actionable, while the same acts, if done by a single individual acting without such concert, would not be actionable. Such cases may be termed actions for conspiracy, but where the conspiracy results in the commission of that which would be an actionable tort, whether committed by one or by many, then the cause of action is the tort, not the conspiracy.

*Buffalo Lubricating Oil Company* v. *Standard Oil Company* (42 Hun, 153; 106 N. Y. 669) is not an authority for the respondent. In that case the only point raised was that a corporation could not be guilty of conspiracy because it was impossible that the corporation should have the malicious intent. Of that claim this court said : " It is well settled by the authorities cited that the malice and wicked intent needful to sustain such actions may be imputed to corporations." The case did not in any manner deal with the question now before us. Indeed, in the opinion delivered in the Supreme Court by Judge BARKER he states : " On the trial it is not necessary to prove a conspiracy between the defendants, if one

is alleged in the complaint, except for the purpose of securing a joint recovery against all."

As to the second objection to the complaint, that an action for slander can be maintained against one person only, we are of opinion that it is not well founded. There is no decision in this state on the point, and though dicta are to be found in the old text books and in some of the English cases which support the appellants' contention, the opinion of modern writers is against it. (Ogders on Libel and Slander, p. 370.) It is difficult to see on principle why there should be any such rule. The reason given by the old authorities, that a slander can be the utterance of but a single tongue, is not conclusive. Granting that only one person can speak the slander, still other persons may hire or procure him to utter it. In the case of other torts such persons and the actual perpetrator of the act are joint tort feasors. Thus, a principal and agent may be jointly sued for the negligence of the latter. (*Phelps* v. *Wait,* 30 N. Y. 78.) There is no reason for any different rule in a slander case. We do not mean to suggest that the repetition by one person of a slander uttered by another is any part of the original slander. On the contrary, they give rise to two distinct causes of action. But if the two slanders were uttered in pursuance of a common agreement between the parties that such slanders should be uttered, then each is jointly liable with the other for their utterance and separate causes of action for slander may be joined in the same complaint under section 484 of the Code.

The order of the Appellate Division and the interlocutory judgment of the Special Term should be reversed and judgment rendered for the defendants, appellants, on demurrer, with costs in all the courts, with leave to the plaintiff to serve an amended complaint within twenty days on the payment of such costs.

Question certified answered in the affirmative.

Gray, Bartlett, Haight, Vann and Werner, JJ., concur; O'Brien, J., absent.

Order reversed, etc.