[S. F. No. 6118.   Department One.—August 28, 1913.]

# HENRY G. BOWMAN et al., Respondents, v. S. A. WOHLKE et al., Appellants.

PLEADING—JOINDER OF CAUSES OF ACTION—INJURIES TO PROPERTY, PERSON, AND CHARACTER.—Under section 427 of the Code of Civil Procedure, causes of action for injuries to property may not be united in one action with causes of action for injuries to the person or to character; and separate causes of action which may be united must be separately stated.

ID.—SEPARATE TORTIOUS ACTS IN PURSUANCE OF CONSPIRACY—SEPARATE CAUSES OF ACTION CREATED.—Separate tortious acts of the defendants, resulting in injuries to the person, character, and property of the plaintiff, although done in pursuance of a single conspiracy, do not give rise to a single cause of action for damages for the conspiracy. The fact that such acts were done in pursuance of a conspiracy, does not authorize the uniting of the separate causes of action arising therefrom, if ordinarily they are incapable of being united in a single action.

ID.—RIGHT OF ACTION ARISING FROM CONSPIRACY—DAMAGES GIST OF ACTION.—The general rule is that a conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action. The damage is the gist of the action, not the conspiracy.

ID.—DEMURRER—FAILURE TO SEPARATELY STATE DIFFERENT CAUSES OF ACTION.—Under section 430, subdivision 5, of the Code of Civil Procedure, the failure to separately state different causes of action united in a complaint, is now a ground of demurrer in this state, and a demurrer on that ground, properly interposed to a complaint which is obnoxious in that particular, should be sustained.

ID.—DAMAGES RESULTING FROM DIFFERENT TORTIOUS ACTS MUST BE AVERRED.—In an action to recover damages for several tortious acts, each giving rise to a separate cause of action, the plaintiff should allege the amount of damage claimed on account of each cause of action. A general allegation of the damages arising from all the acts complained of, and a finding in accordance therewith, must be deemed prejudicial to the rights of the defendants.

ID.—AMENDED COMPLAINT—SETTING UP NEW CAUSE OF ACTION—STATUTE OF LIMITATIONS.—In such action, where an amended complaint sets up an entirely new and distinct cause of action for a tortious act not previously complained of, the action as to it, so far as concerns the running of the statute of limitations, was not commenced until the filing of the amended complaint.

ID.—FILING AMENDED COMPLAINT TO CONFORM TO EVIDENCE—AMEND-
MENT SETTING UP NEW CAUSE OF ACTION NOT PERMISSIBLE—OBJEC-
TION TO PROCEDURE.—The plaintiff, under permission given at the
close of the evidence simply for the filing of amendments that would
make his pleadings conform to the evidence, is not entitled to file
an amended complaint containing statements of new and distinct
causes of action not contained in the original complaint. If such
course is followed, and the defendants' objection thereto is over-
ruled, the error is not waived by the filing of an answer.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order refus-
ing a new trial. Clarence A. Raker, Judge presiding.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche, and J. C. Bates, for
Appellants.

Robert H. Countryman, and William P. Hubbard, for Re-
spondents.

ANGELLOTTI, J.—This action was instituted on May 4,
1907, by Henry G. Bowman and Margaret Bowman, his wife,
against S. A. Wohlke and J. P. Faivre, to recover of defend-
ants ten thousand dollars' damages alleged to have been suf-
fered by said plaintiffs by reason of a "conspiracy" on the
part of defendants and acts done by them in pursuance of such
conspiracy, together with fifteen thousand dollars exemplary or
punitive damages. The action was tried by the court, without
a jury, in May, 1911. The findings of the trial court were in
favor of plaintiffs, and judgment was given for them against
defendants for four hundred dollars actual damages, and three
thousand dollars exemplary damages. This is an appeal by
defendants from the judgment, and from an order denying
their motion for a new trial. Defendant John P. Faivre hav-
ing died, the executors of his will have been substituted for
him as parties defendant.

In their original complaint, the plaintiffs, after alleging that
defendants conspired to do the acts complained of for the pur-
pose of destroying the business of plaintiffs and of holding
them up to contempt and obloquy, and exposing them to public
hatred, contempt, and ridicule, alleged a series of acts on

their part in pursuance of said conspiracy, claimed to have resulted to their damage in the lump sum of ten thousand dollars. These were, in brief: 1. A malicious prosecution and arrest of Margaret Bowman on a charge of disturbing the peace, on September 21, 1906, involving her imprisonment for some three hours; 2. Slander by both defendants of both plaintiffs in circulating reports that plaintiffs were selling spirituous and malt liquors without a license; 3. Slander of both plantiffs in charging that they had endeavored to defraud an insurance company by representing that they had lost certain property by the fire of April, 1906, which they had in fact saved from the fire; and, 4. Trespass upon the real property of plaintiffs, injury to, and destruction of personal property thereon, and the maintenance of a nuisance on such real property in the erection of a high board fence thereon to shut out the light from plaintiffs' store, and to interfere with the sale of merchandise therein. By their amended and supplemental complaint filed May 27, 1911, filed by permission of the court after the case had been submitted on briefs to be filed, "so that the *allegata* and *probata* would correspond," various other acts in addition to the acts alleged in the original complaint were alleged to have been committed in pursuance of said conspiracy, among which were the following: A malicious prosecution and arrest of both plaintiffs on November 21, 1906, involving their confinement in jail for over three hours before they were released on bail; interference with plaintiff Margaret Bowman in the erection of a building on her land; the obstruction of a gutter in the street in such a manner as to divert certain rain water into plaintiffs' store, to the injury of certain groceries and a stove contained therein; injury to the building on Mrs. Bowman's land. The court found in favor of the plaintiffs as to both of the alleged malicious prosecutions and arrests, the maintenance of the alleged nuisance, injuries to the building on Mrs. Bowman's land, obstruction of the gutter resulting in the diversion of water into plaintiffs' store, and consequent injury in a small amount to certain personal property therein contained, certain slanders of plaintiffs, and some other matters. There was no attempt by the court to apportion the exemplary damages of three thousand dollars awarded, the same being awarded on account

of *all the* acts found, including some that were in no way actionable.

From what we have said it is apparent that in both the original and amended complaints were united claims for injuries to character, to person, and to property. The same were not "separately stated." Of course, in view of our statutory provisions, causes of action for injuries to property may not be united in one action with causes of action for injuries to the person or character. (See Code Civ. Proc., sec. 427.) And where causes of action may be united they must be separately stated. (Id.) The theory of counsel for plaintiffs is that by reason of the claim that all the acts were done in pursuance of a conspiracy, we have but a single cause of action stated in the complaint, a cause of action for damages for "conspiracy," and that any variety of wrongful acts, whether ordinarily capable of being united in a single action or not, may be so united if done in pursuance of a conspiracy. We are satisfied that this theory is irreconcilable with well settled rules of law, and cannot be upheld. As early as 1864 this court said in *Herron* v. *Hughes,* 25 Cal. 560: "A simple conspiracy, however atrocious, unless it results in actual damage to the party, never was the subject of a civil action; and though such conspiracy is charged, the averment is immaterial and need not be proved. Where two or more are sued for a wrong done, it may be necessary to prove previous combination in order to secure a joint recovery, but it is never necessary to allege it, and if alleged it is not to be considered as of the gist of the action. That lies in the wrongful and damaging act done." In *Davitt* v. *Bakers' Union,* 124 Cal. 99, [56 Pac. 775], it is said that "a conspiracy, however atrocious its purpose, is not the subject of a civil action." In *Dowdell* v. *Carpy,* 129 Cal. 168, [61 Pac. 948], where the act complained of as being done in pursuance of a conspiracy was an alleged malicious prosecution, it was said that "the gravamen of the action is the alleged malicious prosecution," with its consequent injury to the plaintiff, and the language of *Dreaux* v. *Domec,* 18 Cal. 83, relied on by respondents as intimating differently, was declared, if capable of the construction claimed, to be "against all the authorities." In *More* v. *Finger,* 128 Cal. 313, [60 Pac. 933], a case cited by respondents, it is said: "The complaint alleges that the plaintiff has been deprived of the note

by the wrongful acts of the defendants, and that they entered into a conspiracy for that purpose, but the conspiracy thus alleged is not the gist of the action. The gist of the action is the injury done to the plaintiff by these wrongful acts and this injury is actionable whether it is the result of a conspiracy or not. The averment of a conspiracy is immaterial, and could be proved without such averment, or, if averred, need not be proved. The plaintiff is entitled to relief for the injury from such of the defendants as she can show have united or co-operated in doing her the wrong.'' These statements are in full accord with the authorities everywhere. For instance, in 1 Coley on Torts (3d ed.), p. 210, it is said: ''The general rule is that a conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action. The damage is the gist of the action, not the conspiracy.'' In *Green* v. *Davies*, 182 N. Y. 503, [3 Ann. Cas. 310, 75 N. E. 537], it is said: ''While it is true that in a criminal prosecution for conspiracy the unlawful combination and confederacy are the gist of the offense, not the overt acts done in pursuance thereof, . . . the doctrine does not apply to civil suits for actionable torts.'' (See, also, *Huntley* v. *Louisville etc. R. R. Co.*, 105 Ky. 162, [88 Am. St. Rep. 298, 63 L. R. A. 289, 48 S. W. 429]; *Jenner* v. *Carson*, 111 Ind. 522, [13 N. E. 44]; *Doremus* v. *Hennessy*, 62 Ill. App. 391; *Marten* v. *Holbrook*, 157 Fed. 717; 6 Am. & Eng. Ency. of Law (2d ed.) 873; 8 Cyc. 647.) In *Jenner* v. *Carson*, 111 Ind. 522, [13 N. E. 44], it was said that the allegation of a conspiracy in a civil action against several for a tort is of no consequence, so far as respects the cause and ground of action, unless the wrong complained of would not have been actionable at all, but for the unlawful combination of several persons; and that damage is the gist of an action for a tort, not the conspiracy. The same idea is expressed in *Green* v. *Davies*, 182 N. Y. 499, [3 Ann. Cas. 310, 75 N. E. 536], where it is said: ''There may be cases where acts committed in pursuance of a *combination* of a number of persons to injure a third person are actionable, while the same acts, if done by a single individual, acting without such concert, would not be actionable. Such cases may be termed actions for conspiracy, but where the conspiracy results in the commission of that which would be an actionable tort, whether committed by one or by

many, then the cause of action is the tort, not the conspiracy." In such cases it has been said that "the allegation and proofs of a conspiracy in an action of this character is only important to connect a defendant with a transaction and to charge him with the acts and declarations of his co-conspirators, where otherwise he could not have been implicated." (*Brackett* v. *Griswold*, 112 N. Y. 454, [20 N. E. 376.] See, also, 8 Cyc. 647; *Doremus* v. *Hennessy*, 62 Ill. App. 391.) The effect of this well-settled doctrine in so far as the case before us is concerned is clear. The complaint alleged various causes of action for different torts, all committed, it is true, in pursuance of a single conspiracy, but each, nevertheless, giving rise to a separate cause of action for the injury caused by the particular wrongful act. Whether or not the various causes of action could properly be united depended on our statutes relating to the joinder of causes of action in one complaint. A similar question to the one we are considering was presented in the case of *Green* v. *Davies*, 182 N. Y. 499, [3 Ann. Cas. 310, 75 N. E. 536], hereinbefore cited, where, upon the theory that a single cause of action for damages for a conspiracy was being stated, various wrongful acts, each constituting a tort, were alleged in the complaint, when, under the statutes of the state, causes of action for the various torts alleged could not be united in one complaint. The action of the trial court in overruling a demurrer on the ground of improper joinder was reversed, without any dissent. The opinion contains a very clear discussion of the doctrine we have stated, and holds that the theory that the action was not for slander or malicious prosecution, but for conspiracy to injure the plaintiff, of which the slander and arrest were merely the overt acts done in execution of the conspiracy, was opposed to the decisions and cannot be upheld. To use the words of another New York opinion, such a complaint does not show "a single, indivisible wrong, for which an action will lie," but "an aggregation of certain tortious acts, for each of which a separate action will lie for the recovery of the damages flowing therefrom." (See *Kolel* v. *Eliach*, 29 Misc. Rep. 503, [61 N. Y. Supp. 937].) We find nothing in any of the authorities cited by counsel for respondents to cause us to doubt the correctness of the views we have expressed.

It follows from what we have said that various errors were committed in the disposition of this case in the trial court. In fact, this is practically conceded by learned counsel for respondents to be the situation, if his theory that the complaint stated only a single cause of action be not correct.

When the amended and supplemental complaint alleging the arrest and imprisonment of November 21, 1906, was filed on May 27, 1911, after the evidence had been concluded, and the case ordered to be submitted on briefs to be filed, defendants objected thereto and moved that the same be stricken from the files as "no showing was made or notice given to file such a pleading." Without waiving such objection, defendants interposed a demurrer to said complaint. Among the grounds of demurrer specified therein were the following, in substance: 1. That causes of action for a forcible entry of defendants on plaintiffs' premises, injury to plaintiffs' grocery business, and malicious prosecution of the plaintiffs, were united and were not separately stated; 2. That said amended complaint attempted to set forth several causes of action, and that the same were not separately stated, as required by law; 3. That the alleged cause of action for malicious prosecution which was alleged to have occurred in November, 1906, was barred by sections 338, 339, and 340 of the Code of Civil Procedure. This demurrer was overruled by the trial court. Defendants filed an answer on June 22, 1911, which was within the time allowed by the court, but on June 26, 1911, the findings of the trial judge, which had been signed by him on June 22, 1911, while out of this city and county, were filed in the office of the clerk, without defendants ever being given the opportunity to have a trial of the issues made as to the new causes of action set up for the first time in the amended and supplemental complaint.

It may be that the demurrer was not so worded as to properly present the objection that certain causes of action were improperly united. It did, however, present in proper form the objection that the specified causes of action united in the complaint were not separately stated, which is now a ground of demurrer in this state (Code Civ. Proc., sec. 430, subd. 5), and the demurrer should have been sustained on this ground. Proceeding on the theory that but a single cause of action was being stated, the complaint in all but two or three instances,

where certain items of special injury were alleged, failed to set forth the amount of damages claimed on account of each cause of action. So much, at least, the defendants were entitled to know. (See *Eisele* v. *Oddie,* 120 Fed. 695; *Mallory* v. *Thomas,* 98 Cal. 644, [33 Pac. 757].) The allegation of damage was that "by reason of said acts, these plaintiffs, and each of them have sustained actual damage in the sum of ten thousand ($10,000) dollars," and exemplary or punitive damage in the sum of fifteen thousand dollars. In consequence of the theory upon which it was framed, the amended complaint contained in a single count statements of many acts on the part of defendants, some actionable, and others not, on account of all which this general recovery was sought, and the trial court found generally "that each and all of the allegations contained in the amended and supplemental complaint . . . is and are true." We cannot but consider the course followed in this regard highly prejudicial to the substantial rights of defendants.

The claim made by the demurrer that the cause of action for malicious prosecution and arrest of plaintiffs in November, 1906, was barred by certain sections of our statute of limitations was well based. It being settled that the statement in the amended complaint in regard to this was the statement of a new cause of action, on account of which a recovery was sought, this is obvious. As we have seen, this amended complaint, in which for the first time any allegation was made as to this transaction, was not filed until May 27, 1911, which was more than four years after the cause of action on account thereof accrued. As to this new and distinct cause of action, the action was not commenced until the filing of the amended complaint. (See *Anderson* v. *Mayers,* 50 Cal. 525; *Meeks* v. *Southern Pacific Co.,* 61 Cal. 149, 150, 151.) Plaintiffs were not entitled over proper objection made by defendants to any recovery on account of this matter, and yet they were awarded actual damages on account thereof, and also punitive damages in some unknown amount that we have no means of ascertaining. We only know that it is included in the general award of three thousand dollars, punitive damages.

Obviously, the procedure in regard to the amended and supplemental complaint was objectionable. Filed as it was after the evidence was closed, under permission simply for the filing

of amendments that would make the pleadings conform to the evidence, it contained statements of new and distinct causes of action not contained in the original complaint, which, of course, was not permissible. The objection made thereto by defendants was good. The error was not waived by the filing of the answer. In *Witkowski* v. *Hern,* 82 Cal. 604, [23 Pac. 132], relied on by plaintiffs in this regard, apparently no objection was made, and the defendant answered without making any objection to the course pursued. (See *Cox* v. *Western Pac. R. R. Co.,* 47 Cal. 87, 90.)   When the answer in this case was filed, issue was joined as to the matters set up in the new causes of action for the first time stated in the amended complaint. Within a week after the filing of such answer, the findings of the trial judge upon the issues thus made were filed, based, of course, entirely upon the evidence elicited at the trial of the cause at a time when no action had even been commenced as to the new causes of action stated for the first time in the amended complaint. The action of the learned judge of the trial court in this regard was doubtless due to reliance upon the theory earnestly maintained throughout by plaintiffs, that but a single cause of action was stated in both the original and amended complaints.

In view of our conclusion upon the matters already discussed, we do not deem it necessary to notice any of the other points made for reversal.

The judgment and order denying a new trial are reversed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.
    CLXVI Cal.—9