[No. 6008.]

## GEORGE ATKINSON v. THE AMADOR AND SACRAMENTO CANAL COMPANY.

STATUTE OF LIMITATIONS—AMENDED COMPLAINT.—Where the action was trespass, and an amended complaint was filed for the purpose of including a parcel of land inadvertently omitted from the original complaint: held, that the filing of the original complaint did not stop the Statute of Limitations from running against the trespass upon the omitted parcel.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The action was brought to recover damages to plaintiff's farming lands, caused by the debris from the defendant's

hydraulic mining operations. The defendant, a corporation, was engaged in hydraulic mining from 1871 to 1877. A large stream of water was used by the defendant night and day to wash down the gravel banks of the mining ground, and the tailings were carried off by means of flumes down a hill, flowing upon the plaintiff's lands and covering up valuable portions thereof with stones, gravel, and mud, to a depth of several feet, thereby rendering it unfit for agriculture. The plaintiff's land, before he acquired it, had been subdivided into several parcels or "ranches," all of which was known as the Clark Ranch. The original complaint, filed March 30th, 1875, did not include the Clark Ranch in the description of the land injured by the debris. An amended complaint was filed January 3rd, 1877, including the Clark Ranch, and counting on damages for injuries committed three years prior to the filing of the original complaint. To this amendment the defendants pleaded the three years Statute of Limitations, (Code of Civil Procedure, sec. 338, sub. 2) and at the trial the Court was requested by the defendant to give the instruction quoted in the opinion, but refused. The jury returned a verdict for the plaintiff in the sum of four thousand dollars, and judgment having been rendered accordingly, the defendant appealed.

*W. C. Belcher, Haymond & Allen* and *Benj. Bullard, Jr.,* for Appellant, cited *Lawrence* v. *Ballou,* 50 Cal. 264; *Anderson* v. *Mayers,* 50 Cal. 525.

*A. P. Catlin* and *Henry Edgerton,* for Respondent.

The test of the correctness of the ruling of the Court in refusing the instruction is, whether the amendment introduced into the complaint a new cause of action. If it did not—if the cause of action, as stated in the original count, was unchanged by the amendment—then the instruction was properly refused.

It is to be kept in view that the land upon which the nuisance complained of was committed formed one entire tract, of which that described by the amendment was an integral section. Suppose, then, that the whole of it had been included in the orig-

inal count and in one description, would the count have been subject to a demurrer upon the ground that two causes of action were improperly joined in it? Certainly not.

Mr. Pomeroy, in his exposition of the term " cause of action,", (see Remedies and Remedial Rights, p. 487, sec. 453) says: " Every judicial action must therefore involve the following elements: a primary right possessed by the plaintiff and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing from this delict; and finally, the remedy or relief itself. Every action, however complicated or however simple, must contain these essential elements. Of these elements, the primary right and duty and the delict or wrong, combined, constitute the cause of action in the legal sense of the term, and as it is used in the Codes of the several States."

Here, the primary right of the plaintiff was the free use and enjoyment of his land; the corresponding primary duty devolving on the defendant was, so to use its own property—more specifically, so to operate its mine—as not to obstruct or interfere with that right; and the delict or wrong was the breach of that duty. This right, this duty, and this breach of duty, were co-extensive with the whole tract of land contained in the description in the original and amended count, and combined they constitute a single " cause of action."

Again, the same author, pp. 503, 509, sec. 475, treating of the meaning of the term " subject of action," says: " It cannot be synonymous with ' cause of action.' * * * The phrase was not used in legal terminology prior to the Code, but another one very similar to it was in constant use, and had acquired a well-defined meaning, namely: ' subject-matter of the action.' Thus the rule is familiar, that Courts must have jurisdiction of ' the subject-matter of the action' as well as over the parties. Courts might have the power in a proper case to grant any kind of relief, legal or equitable, and to entertain any form of proceeding, and yet not have jurisdiction over some particular ' subject-matter.' The term ' subject of action,' found in the

Code   *   *   *   *   was doubtless employed by its authors and
the Legislature as synonymous with, or rather in the place of,
' subject-matter of the action.'   I can conceive of no other in-
terpretation which will apply to the phrase and meet all the
requirements of the context.   ' Subject-matter of the action ' is
not the ' cause of action,' nor the ' object of the action.'   It
rather describes the physical facts, the things real or personal,
the money, lands, chattels, and the like, in relation to which the
suit is prosecuted."

Obviously, then, the amendment in question did not go to the
primary right of the plaintiff, or to the corresponding duty of
the defendant, or to the breach of that duty, all of which com-
bined constitute the plaintiff's " cause of action "; but to the
physical fact, viz: the land in relation to which the suit was
prosecuted, and which constitute the " subject of action " in con-
tradistinction from its " cause."   And this being so, the com-
plaint as amended was not amenable to the plea of the Statute
of Limitations, and the Court properly refused the instruction
asked.

*H. O. Beatty* and *Tubbs & Cole*, also for Respondent.

By the COURT:

Among other instructions asked by the defendant and refused
by the Court, was the following: " The jury, in estimating all
damages done to the land known as the Clark Ranch, must ex-
clude from consideration any damage or injury done priôr to the
first day of January, 1874.   Whatever injury was done before
that time cannot be recovered in this action."

The original complaint was filed on the 30th day of March,
1875, but in that complaint no cause of action founded upon in-
juries alleged to have been done to the " Clark Ranch " was set
forth.   In the amended complaint filed January 3rd, 1877, the
injury alleged to have been done by the defendant to that ranch
was for the first time counted upon, and damages therefor
claimed.   The amended complaint, in so far as it counted upon
the injury done to that ranch, was the introduction of a new
cause of action; and against which the defendant had the right

to plead, and did plead, the Statute of Limitations. In view of this plea upon the record, the plaintiff in adducing the evidence in support of his case as to the " Clark Ranch," should have confined himself to proof of injuries, if any, done since the third day of January, 1874; and had he done so, the giving of the instructions refused would not have embarrassed the jury in finding a verdict for such damages as had been shown. However this may be, the instruction as asked was correct in point of law, and should have been given to the jury.

Judgment and order reversed, and cause remanded for a new trial. Appellant to recover but one-half the costs upon this appeal.