[S. F. No. 1942.	Department Two.—December 13, 1899.]

## C. S. NELLIS, Appellant, v. PACIFIC BANK et al., Defendants. JAMES M. McDONALD, Respondent.

BANK—LIABILITY OF STOCKHOLDERS TO DEPOSITORS—STATUTE OF LIMITATIONS—AMENDMENT OF COMPLAINT.—The liability of the stockholders of a bank to its depositors is barred by the statute of limitations within three years from the date of the deposit, if action is not sooner commenced thereon. If a new cause of action as to a deposit is not stated in the complaint, the statute of limitations cannot be evaded under the guise of an amendment to the complaint; but if an amendment more fully sets forth a cause of action upon a deposit defectively alleged in the original complaint, the amendment merely supersedes the original, and takes its place, as of the same date, without affecting the identity of the original cause of action, as respects the statute of limitations.

ID.—ACTION BY ASSIGNEES—AMENDMENT TO CORRECT MISTAKE IN NAMES OF DEPOSITORS—IDENTITY OF CAUSES OF ACTION.—Where the original complaint against the stockholders of the bank was filed by the assignees of many depositors, the causes of action upon which were in fact owned by them before the commencement of the action, and correctly stated the amount of each deposit sued upon, but, by mistake, alleged that certain of the deposits were made by their immediate assignors. which were in fact made by others under whom their assignors lawfully claimed as assignees, an amendment correcting the mistake is allowable, and does not affect the identity of the causes of action originally sued upon, as respects the statute of limitations.

ID.—CLAIM NOT ASSIGNED.—There can be no recovery by the plaintiff of a claim alleged to have been assigned to the plaintiff, but which was not in fact assigned, and of which the plaintiff is not the owner and holder.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion.

William H. Chapman, for Appellant.

John M. Burnett, and Sawyer & Burnett, for Respondent J. M. McDonald.

CHIPMAN, C.—Plaintiff sues for himself, and as assignee of certain twenty other depositors in defendant bank, to recover from its stockholders upon their statutory liability as such stockholders. Plaintiff had judgment against defendant James M. McDonald upon certain of the causes of action pleaded, but as to the causes of action assigned to plaintiff by Lewis Merrill, B. G. Ruhl & Co. and Annie White, and as to his own claim, the court gave judgment for defendant. Plaintiff appeals from the judgment only as to the assigned claims of Merrill, Ruhl & Co., and White.

The original complaint was filed June 19, 1895, and the amendments were filed May 19, 1897. The court below held the last-mentioned assigned causes of action barred by subdivision 1 of section 338 and section 359 of the Code of Civil Procedure. It is conceded by appellant that if the amendments state a new cause of action the judgment should be affirmed; otherwise all parties agree that it should be reversed. The three

years statute of limitations applies to deposits made more than three years before the commencement of the action (*Wells v. Black*, 117 Cal. 157; 59 Am. St. Rep. 162); and it is settled law that a new cause of action cannot be introduced into a complaint under the guise of an amendment so as to evade the statute. (*Atkinson v. Amador etc. Canal Co.*, 53 Cal. 102; *Meeks v. Southern Pac. Co.*, 61 Cal. 149.) It is equally well settled that if no new cause of action is stated in the amendments to the original complaint, the amendments simply supersede the original by more fully setting forth the cause of action defectively alleged in the original complaint whose identity is in no way affected. (*Barber v. Reynolds*, 33 Cal. 501; *Vanderslice v. Matthews*, 79 Cal. 277; *Cox v. McLaughlin*, 76 Cal. 60; 9 Am. St. Rep. 164.)

The court found that on June 22, 1893, the Pacific Bank was indebted to Ruhl & Co. in the sum of two thousand two hundred and eighty-six dollars and eighteen cents on account of money deposited with the said bank; that in plaintiff's original complaint he alleged that Ada P. Ruhl on June 22, 1893, deposited in the bank the sum of eleven hundred and forty-three dollars and nine cents, and also that L. Dallman on the same day deposited a like sum, which was within three years from the filing of the original complaint (these two sums equal the deposit made by Ruhl & Co.); that on May 19, 1897, plaintiff obtained leave to amend his complaint in respect of said two deposits, "on the ground of mistake in the statement of the names in which the original deposits were made," and the amendment was accordingly made "wherein it was alleged that the said Pacific Bank was, on the twenty-second day of June, 1893, indebted to B. G. Ruhl & Co. in the sum of two thousand two hundred and eighty-six dollars and eighteen cents for and on account of money delivered to and deposited with said Pacific Bank by said B. G. Ruhl & Co. within three years prior to the commencement of this action." That Ruhl & Co. assigned their claim to B. G. Ruhl and Minnie Dallman, and Ruhl and Dallman assigned to Ada P. Ruhl and she to plaintiff, all prior to the commencement of the action; the court finds "that all of said sum was delivered to and deposited with said Pacific Bank by said B. G. Ruhl & Co. prior to June 22, 1893, and more than

three years prior to the date of filing of said amendments, and that neither said Minnie Dallman nor said Ada P. Ruhl was a member of said firm of B. G. Ruhl & Co., but said B. G. Ruhl and L. Dallman were members thereof."

The cause of action as to Annie White is in a similar situation. The court found that on June 22, 1893, the bank was indebted to C. W. Burgess in the sum of four hundred and sixty-three dollars and thirty cents deposited by him within three years prior to the commencement of the action; that when the action was commenced plaintiff alleged in his complaint that on June 22, 1893, the bank was indebted to Annie White in the sum of four hundred and sixty-three dollars and thirty cents, deposited by her within three years prior to the commencement of the action; that on May 19, 1897, plaintiff obtained leave to amend his complaint on the ground of mistake in the statement of the name in which the original deposit was made, and an amendment was filed alleging the indebtedness to Burgess as the depositor and that he had assigned his claim to Annie White and she to plaintiff, both assignments being prior to the commencement of the action. It appears from the findings that the bank failed and closed its doors June 23, 1893, and ever since has refused to pay its depositors.

Appellant claims that he was not called upon to plead the chain of title to this money; that had he alleged the ultimate fact of the indebtedness of the Pacific Bank to him at the commencement of the action, it would have been sufficient; that he erroneously stated that the particular money sought to be recovered was deposited by one of plaintiff's assignors, rather than another prior assignor, which was but an error in description, and that the description was necessary only to identify the claim sued on and was not necessary in the pleading, for the fact was as alleged that plaintiff was the owner of the claim when the suit was commenced. Furthermore, it is claimed that no injury could have accrued to defendant from this error in description. Respondent replies that the complaint correctly states each claim as a separate cause of action; that the bank was not indebted to plaintiff on the assigned claims, as himself a depositor, but that the claim of every depositor was a chose in action belonging to him which the depositor alone could assign; that the bank was

liable to the depositor in the first place, and defendant, as a stockholder, was liable for his proportion of that particular debt; that the assignee could recover only by proving the particular liability of the bank and that he was owner of the claim, and to prove this he must allege the facts, because the plaintiff must allege every fact that he is required to prove (citing *Green v. Palmer*, 15 Cal. 411; 76 Am. Dec. 492); that a suit to recover the proportion of the debt due to A will not lie to recover the proportion of the debt to B, for the causes of action are different.

It is true that plaintiff derives his right to sue from the depositor; but it is also true that, before the action was commenced, he obtained the assignment of the real depositor, and in his complaint he correctly described and identified the deposit or indebtedness for which he sued; he failed to state correctly the name of the depositor while correctly stating the name of his assignor, who was not in fact the depositor. The cause of action was the debt owing by the bank, and by the amendment this cause of action was not changed but was identical in point of amount and time when accrued with that stated in the original complaint. That plaintiff made a mistake in describing the person through whom he derived title was not so material as to make the correction by amendment the statement of a new and different cause of action. In *Heilbron v. Heinlen*, 72 Cal. 376, where the complaint in ejectment described the land as in range 19 east, the court allowed an amendment showing the range to be 20 east, and held that the correction of the mistake was authorized by section 473 of the Code of Civil Procedure, and did not substitute a new and different cause of action. (See, also, *Bulwer etc. Co. v. Standard etc. Co.*, 83 Cal. 613.) In the case of *Cox v. McLaughlin, supra,* an amendment was allowed by which there was added to the original cause of action for the contract price of services a claim on *quantum meruit* for the same services. The principle upon which the court proceeded was that no new facts were stated in the amendment upon which a new cause of action was based. And so here we find no new facts except a mistake in the name of the depositor. The bank's indebtedness and the indebtedness sued upon are the same. The amendment could in no way have prejudiced respondent, for the indebtedness of the bank and

the statutory liability of the stockholders therefor, as shown by the amendments, fully appeared in the original complaint. Respondent could have shown at the trial, if it were the fact, that the amendments alleged a different deposit or indebtedness from that pleaded in the original complaint, and this would have shown a cause of action different in its nature from that alleged. But the fact was they were the same except as to the misdescription of the depositor, which we do not think went to the nature or scope of the cause of action.

The court found that the claim of Lewis Merrill had not been assigned to plaintiff and that he was not the owner or holder thereof. This finding is not questioned in plaintiff's brief, nor can it be on this appeal.

The judgment should be reversed as to the claims represented by the depositors B. G. Ruhl & Co. and Annie White, and as to the remaining portion of the judgment it should be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed as to the claims represented by the depositors B. G. Ruhl & Co. and Annie White and as to the remaining portion of the judgment it is affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.