[L. A. No. 952.   Department One.—March 7, 1902.]

B. F. BALL, Respondent, v. T. S. C. LOWE, Appellant.

ACTION UPON NOTE TO THIRD PARTY—PLEADING—TITLE NOT SHOWN.—
A complaint in an action upon a note set forth therein, which shows
that it was made payable to the order of a bank, and not to the
plaintiff, and which does not allege any indorsement or transfer of
the note to the plaintiff, does not state a cause of action.

ID.—MISTAKE.—If there was a mistake in inserting the name of the
bank instead of that of the plaintiff as payee, the facts constituting
such mistake must be set forth in the complaint.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  W. F. Fitzgerald, Judge.

The facts are stated in the opinion of the court.

Lynn Helm, for Appellant.

C. J. Willett, for Respondent.

VAN DYKE, J.—This case comes up on the judgment-
roll, without a bill of exceptions.  The action is for a money
demand.  The complaint alleges that the defendant made and
executed a promissory note, in words and figures follow-
ing,—to wit:—

Pasadena, Cal., February 1, 1896.

"1,000.00.  Ten days after date (no grace), for value
received, I promise to pay to the order of the First National
Bank of Pasadena, one thousand ($1,000.00) dollars, with
interest payable monthly at the rate of eight per cent per
annum."

And it is further provided in the said note that should the
note run overdue it shall bear interest from maturity at the
rate of fifteen per cent, and that in case suit is commenced
thereon an additional sum of ten per cent on the principal
shall be paid as attorney's fees.  Certain collateral securities
are mentioned as having been turned over as security for the
payment of said note.  After copying the note in full, the
complaint proceeds:  "Whereby he promised to pay plain-

tiff the sum of one thousand ($1,000.00) dollars, with interest at the time and in the manner therein specified, and then and there delivered the said note to the said plaintiff. That at the same time the defendant, as a pledge to secure the repayment of said note, delivered to plaintiff the following described certificates of stock,—to wit,'' (giving the certificates of stock referred to). The complaint further avers that the plaintiff paid the assessments on the stocks put up by the defendant as security for the note, and concludes by the averment that the plaintiff is still the holder and owner of said note; that no part of the principal sum of the same, or interest thereon, has been paid to plaintiff, nor the sum paid as assessments upon the said stock. The different certificates of stock referred to are attached to and made part of the complaint. Judgment is asked for the amount due on the note, with interest, including an attorney's fee, and that the pledged stock be ordered sold and the proceeds applied to the satisfaction of said judgment. The defendant demurred to this complaint, which, being overruled, he interposed an answer thereto, and upon the trial the findings and judgment went for the plaintiff.

The point made by the appellant is, that the demurrer should have been sustained, as the complaint fails to show a cause of action in the plaintiff. The note is made payable "to the order of the First National Bank of Pasadena," and not to the plaintiff, and therefore upon the face of the complaint it appears that the title to the note was in said bank, and there is no allegation that the bank ever indorsed or otherwise transferred the note to the plaintiff; that the expression in the complaint following the transcript of the note, "Whereby he promised to pay the plaintiff," etc., is meaningless and mere surplusage. The respondent, in attempting to answer this contention on the part of the appellant, suggests that the note was filled out upon one of the blanks of said bank, and that, by inadvertence and mistake, the words "First National Bank of Pasadena" were not erased and the plaintiff's name inserted in place thereof. This may have been the case, but, if so, the complaint should have stated the facts showing the mistake. As it appears now, the complaint—a copy of said note, expressly stating that it is payable to the Bank of Pasadena, forming a part

thereof, and without any allegation of assignment, indorsement, or other transfer to plaintiff—fails to state a cause of action in favor of the plaintiff.

Judgment reversed and cause remanded, with directions to the court below to sustain the demurrer, with leave to the plaintiff to amend the complaint if so advised.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.