[No. 13.    Second Appellate District.—June 29, 1905.]

B. F. BALL, Respondent, v. T. S. C. LOWE, Appellant.

ACTION UPON NOTE—PLEADING—ERROR IN COPY—AMENDMENT—CAUSE OF ACTION NOT CHANGED—STATUTE OF LIMITATIONS.—In an action upon a note, in which the complaint alleged a promise to pay the plaintiff, and set forth stock certificates attached thereto, which are alleged to have been pledged to secure the payment of "said note delivered to the plaintiff," but by a clerical error inserted the name of another payee in the copy of the note, an amendment to the complaint made four years after the maturity of the note, which properly describes the note as payable to plaintiff and alleges that it is the same note alleged in the original complaint, corrects the cause of action therein defectively stated, and does not show a new cause of action barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of Los Angeles County.    N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Lynn Helm, for Appellant.

C. J. Willett, for Respondent.

SMITH, J.—Appeal from a judgment for the plaintiff on the promissory note set out in the amended complaint, which was filed May 14, 1902, more than four years after the maturity of the note.    In the original complaint the note sued upon purported to "promise to pay to the order of the First National Bank of Pasadena one thousand dollars," etc.    In the present complaint the name of the plaintiff is inserted as payee, in place of "the First National Bank of Pasadena," occurring in the note as set out in the original complaint; and it is alleged "that the note, a copy of which is herein set forth, is the same note alleged in the original complaint," and, in effect, that in the original complaint the name of the First National Bank of Pasadena was inserted instead of the name of the plaintiff by a clerical error.

A demurrer to the amended complaint was filed on the ground that the cause of action was barred by the provisions of section 337 of the Code of Civil Procedure, but was over-

ruled, and the defendant failing to answer within the time allowed by the order, judgment against him was entered by the clerk by default.

It is now claimed that a new cause of action was introduced by the amended complaint, and that the demurrer should have been sustained. We are of the opinion, however, that the cause of action in the amended complaint is the same as that intended, but defectively stated, in the original complaint; and that this appears, not only from the express allegations of the amended complaint, but also from the allegation in the original complaint, that the defendant "promised to pay plaintiff the sum of one thousand dollars," etc., and from the stock certificates attached to the original complaint which were pledged by the defendant to secure the payment of "said note delivered to the plaintiff." (See report of the case on a former appeal, *Ball* v. *Lowe,* 135 Cal. 678, [68 Pac. 106].) The case seems to come within the direct application of the case of *Nellis* v. *Pacific Bank,* 127 Cal. 166, [59 Pac. 830].

The judgment is affirmed.

Allen, J., and Gray, P. J., concurred.