[Civ. No. 23922.   Second Dist., Div. Three.   Mar. 3, 1960.]

HARRY JEROME WILSON, Appellant, v. FRANK B. FRAKES, Respondent.

John J. Guerin for Appellant.

Shepherd & Shepherd for Respondent.

BISHOP, J. pro tem.*—The plaintiff has appealed from the order dismissing his action, entered in the minutes December 1, 1958, and from the subsequently made formal judgment also dismissing the action. ■ The order is to be treated as a judgment, for the purposes of appeal (*Herrscher* v. *Herrscher* (1953), 41 Cal.2d 300, 303-304 [259 P.2d 901, 903], and the order is the judgment from which any appeal is to be taken. (*Marino* v. *Valenti* (1953), 118 Cal.App.2d 830, 850 [259 P.2d 84, 95].) We are, therefore, dismissing the appeal from the judgment, as distinguished from the order, and affirming the order as modified.

■ The events that gave rise to our problem all took place in the year 1958. Very early in January, the plaintiff filed a complaint for ejectment and damages, in which he made Frank B. Frakes and four fictitiously named persons defendants. In the middle of January, Frakes and E. H. Bittick filed an answer, the latter "sued herein as John Doe," according to the answer's introductory paragraph. On January 30th, two motions were made: One by the plaintiff to strike Bittick's answer; another by the latter to be made a party defendant and that his answer be allowed to stand. The trial court denied the first motion, but granted the second, a term of the order granting it being that the words "sued herein as John Doe" be deleted. Just four days after the court had

---

*Assigned by Chairman of Judicial Council.

ordered that Bittick be made a defendant, the answer he had already filed to stand, the plaintiff dismissed the action as to him (Bittick) and three of the fictitiously named defendants. On November 26th, the trial court denied Bittick's motion to strike the dismissal and to reinstate him as a defendant, but instead granted the motion of defendant Frakes to dismiss the action. This was the order entered in the minutes on December 1st. On December 5th a formal judgment of dismissal was entered. The notice of appeal from the order and judgment followed, December 9th.

When the trial judge was confronted with the first two motions, one to strike Bittick's answer and the other that he be made a party, he must have been tempted to say: "He's already a defendant." True, Bittick's name did not appear among those included, but the idea that the persons "fictitiously" named in a complaint are known to the plaintiff, it is only their names that are unknown, is itself a fiction, in most cases. ▪▪▪ We find these words of interest in *Bayle-Lacoste & Co.* v. *Superior Court* (1941), 46 Cal.App.2d 636, 644 [116 P.2d 458, 463] : "A party may appear though he is not named in the complaint. In *Farmers etc. Nat. Bank* v. *Peterson*, 5 Cal.2d 601, 606 [55 P.2d 867], the court said: 'The defendants complain that trustee Boothe, who appeared voluntarily and filed his answer, was not properly a party defendant because he was not named as a party in the complaint or the amended complaint, and that consequently the judgment against him is void. There is, of course, no merit to the point. Boothe invoked the judgment of the court by his voluntary appearance, and may not now be heard to deny the jurisdiction of the court to render such judgment. (*Tyrrell* v. *Baldwin*, 67 Cal. 1, 4 [6 P. 867] ; § 416, Code Civ. Proc.)' "

▪▪▪ Moreover, by his answer defendant Bittick not only admitted that he was in possession of the property from which the plaintiff sought to eject those there, but asserted that he had been in possession for a longer period than the plaintiff claimed. Why, then, did he not fit the picture painted by the plaintiff? He and his codefendant, Frakes, were withholding and had wilfully and intentionally withheld the possession from plaintiff and his predecessors in title. The circumstance that the defendants denied the further allegations that they were "unlawfully" in possession, and that their possession "damaged" the plaintiff "in the sum of $4,980.77," should not suffice to remove either one of them from the role of defendant, which they so admirably filled.

From the facts that the trial court had removed from Bittick's answer, the words "sued herein as John Doe," and ordered that he be made a party, it is to be presumed that it did not proceed on the theory that Bittick was already a party. The action taken finds support, however, under the further facts that were alleged in Bittick's verified answer and in the affidavit filed in support of his motion to be made a party. It appeared that he and his codefendant, Frakes, had entered into an arrangement whereby the latter was to farm the property of which plaintiff sought to obtain possession, and they were to share equally in the crops to be grown. Bittick's right to enter into such a deal grew out of the fact that he was the lessee under a written lease with the true owner, one Burton A. Browne. The occupancy of the land by Frakes thus was possession by Bittick as well. A judgment entered against Frakes, in an action to which Bittick was not a party, would be no protection to him (Frakes) against Bittick's contention that he had the right, and so the duty to carry out his agreement with Bittick. Furthermore, a judgment ejecting Frakes from the land would inequitably affect and jeopardize Bittick's interest in the use agreed to be made of the property he had leased. The consequence is that Bittick's status was doubly that set forth in the opening sentence of section 389, Code of Civil Procedure: "A person is an indispensable party to an action if his absence . . . would seriously prejudice any party before the court or if his interest would be inequitably affected or jeopardized by a judgment rendered between the parties."

What, then, should the trial court do? The first sentence in the third paragraph of section 389 gives this answer: "When it appears that an indispensable party has not been joined, the court shall order the party asserting the cause of action to which he is indispensable to bring him in." Then in the fifth paragraph we find: "Whenever a court makes an order that a person be brought into an action, the court may order amended or supplemental pleadings or a cross-complaint filed and summons thereon issued and served."

If we assume, then, that Bittick had not originally been made a party, the trial court could have ordered the plaintiff "to bring him in," and could have ordered that the complaint be amended to show his true name, and summons issued thereon. To what purpose? To get the indispensable party before the court. But why should the court make such an order when the party is already before it, having filed an

answer to the complaint? If it was error not to take the steps as outlined by the code, it was a technical error in procedure, one without effect upon the substantial rights of the plaintiff. We hold, as it was held in *Crofton* v. *Young* (1941), 48 Cal. App.2d 452, 456 [119 P.2d 1003, 1006], under quite similar circumstances: "This was a sufficient compliance with the statute. . . ." Bittick was given full standing as a defendant; his answer was on file; the case was at issue.

But the plaintiff did not approve of the trial court's order and took a step calculated to thwart it. In spite of the broad power given to plaintiff, by section 581 of the Code of Civil Procedure, we do not believe that a plaintiff may, by his own act, effectively dismiss an action as to a defendant made a party by order of the court. The dismissal was not a judicial act, from which an appeal should have been taken. (*Cook* v. *Stewart McKee & Co.* (1945), 68 Cal.App.2d 758, 762 [157 P.2d 868, 870].) If the right of the plaintiff to dismiss may prevail over the duty of the court to order that an indispensable party be brought in, then a persistent plaintiff would eventually have his way and the court would have to give way, a conclusion that is so unthinkable that it must be rejected. The trial court, therefore, could well have granted the defendants' motion to strike the purported dismissal of Bittick.

That which the trial court did, however, was to treat plaintiff's dismissal as being, in effect, a refusal on his part to give recognition to the order making Bittick a party, and so to bring into operation the second sentence of section 389: "If he is not then brought in, the court shall dismiss without prejudice all causes of action as to which such party is indispensable and may, in addition, dismiss without prejudice any cause of action asserted by a party whose failure to comply with the court's order is wilful or negligent." Technically, the trial court did not make the order authorized by the first sentence in the third paragraph of section 389 but, in effect, it had made that order. Technically, the plaintiff did not fail to comply with the order that was made, but he wilfully took action to make the order ineffective. In the premises, we conclude, the trial court quite properly dismissed the action.

Of its order and judgment dismissing the action the plaintiff is in no position to complain, for by his dismissal, as to Bittick, he made it appear of record that an indispensable party had been dismissed. But with an indispensable party missing, the trial court has no power to try a case. (*Bank of California* v. *Superior Court* (1940), 16 Cal.2d 516, 523 [106 P.2d 879,

884].) The plaintiff, therefore, should not be heard to complain that his action has been dismissed after he took a step to render it untriable.

The authority to dismiss, given by section 389, is to do so without prejudice. We, therefore, modify the order granting the motion to dismiss the action by adding the words ''without prejudice.'' As so modified it is affirmed. The appeal from the judgment of dismissal entered pursuant to the order is dismissed. Neither party shall have costs of appeal.

Shinn, P. J., and Ford, J., concurred.