[Civ. No. 27231. Second Dist., Div. One. Sept. 10, 1963.]

ANNETTE YDE LAKE, Plaintiff and Appellant, v. ANN
STERLING, Defendant and Respondent.

Guerin & Guerin, John Guerin and Robert A. Schwamb
for Plaintiff and Appellant.

Cohen & Bricker, Stanley N. Gleis and Robert Ferguson
for Defendant and Respondent.

LILLIE, J. — On May 2, 1961, Annette Yde Lake sued
her daughter, Ann Sterling, for support; later her order to

show cause for support pendente lite, attorney's fees and court costs was ordered off calendar. Several days thereafter, on July 5, 1961, defendant having arranged for her support and maintenance, plaintiff, on that day, personally told her counsel, John Guerin, to terminate all litigation between herself and her daughters. Since then plaintiff has at no time ever authorized him to continue on her behalf. However, without her knowledge or consent, and contrary to her wishes, Guerin thereafter took numerous legal steps on plaintiff's behalf; and when, in June 1962, she learned he had filed a memorandum of setting the within cause for trial, she wrote him under date of June 21, 1962, advising him he had proceeded without her knowledge, consent or authority and directing him "to immediately dismiss the law suit." Inasmuch as plaintiff had been adequately cared for by defendant since July 5, 1961, plaintiff thereafter sought no further relief of any kind, and as of that date clearly advised Guerin she did "not desire that he carry on any further litigation in connection with this [within] case." Over a year later, on October 16, 1962, again without her knowledge, consent or authority, Guerin moved for attorney's fees and for an order appointing a guardian *ad litem* for plaintiff; Guerin signed the moving papers. Upon being advised of the motion plaintiff executed an affidavit in opposition thereto asking the court to dismiss the action. After oral argument, the trial court, on October 23, 1962, by minute order, denied the motion and, upon a stipulation that the action be dismissed, made between John Guerin, counsel for plaintiff and counsel for defendant in open court, dismissed the cause. The minute order of October 23, 1962, entered October 25, 1962, reflects the court's actions as follows: "Pursuant to stipulation, the case is dismissed." Guerin filed the within appeal from the order of October 23, 1962, denying his motion for attorney's fees and dismissing the action. Thereafter, plaintiff died, on December 13, 1962. Nevertheless, counsel has continued with his appeal and filed an opening brief. Defendant moved to dismiss the appeal and requested the imposition of a penalty against counsel for filing a frivolous appeal.

Counsel having in open court voluntarily and with obvious authority of his client and knowledge of her request that the within action be dismissed, stipulated that the same be dismissed, and the court, "pursuant to" said stipulation, having dismissed the case, the within cause terminated on October 25, 1962. ■. While the entry of an order of dismissal in the

clerk's register is generally considered to be a final judgment (*Hopkins* v. *Superior Court,* 136 Cal. 552 [69 P. 299]; *King* v. *Superior Court,* 12 Cal.App.2d 501 [56 P.2d 268]; *Fisher* v. *Eckert,* 94 Cal.App.2d 890 [212 P.2d 64]; *Biggs* v. *Biggs,* 103 Cal.App.2d 741 [230 P.2d 32]), a voluntary dismissal does not hold the same rank as a final judgment after a trial of controverted issues of law or of fact. (*Cook* v. *Stewart McKee & Co.,* 68 Cal.App.2d 758 [157 P.2d 868].) ▮ "A wilful dismissal terminates the action for all time and affords the appellate court no jurisdiction to review rulings on demurrers or motions made prior to the dismissal." (Pp. 760-761.)

▮ In any event, counsel cannot now disregard the stipulation deliberately entered into by him, acted upon by the trial judge, and relied upon by defendant. Had he wanted relief from the stipulation the proper course was a timely application to the trial court by motion. No such application having been made he cannot now for the first time on appeal complain (*Warburton* v. *Kieferle,* 135 Cal.App.2d 278 [287 P.2d 1]). Counsel on oral argument before this court improperly argued that he should not be bound by the stipulation because he did not know that when he entered into it he was dismissing the within action. Such claim is wholly without merit. On its face the record shows that for more than a year before, on July 5, 1961, plaintiff personally told counsel to terminate "all" litigation between her and her daughters, "including the above numbered [within] action" and to "put a stop to the notoriety in connection with such litigation"; that on June 21, 1962, in writing, she again requested of her counsel: "I want you to dismiss the law suit"; and that her counsel, pursuant to plaintiff's repeated demands to dismiss the within action, finally did just that while appearing before the court on a motion in the case, knowing exactly what he was doing. Along this same line, he argues that the dismissal is a nullity because he had no power to "request dismissal of her action after appointment of conservator." While he incidentally and briefly mentions certain proceedings in another action (No. 440791) separate and apart from the one at bar in his affidavit recounting services he purportedly performed in the within case, filed in support of his motion for attorney's fees in the lower court, there is nothing in the record here to support any conclusion that a conservator was ever appointed for plaintiff. If such an order was made it is no part of the record before this court.

Moreover, it should be noted that at no time since plaintiff's

death on December 13, 1962, has an executor or administrator for her estate been appointed, or any proceeding had in the superior court for the purpose of substituting a representative for plaintiff's estate in the place and stead of the deceased. (Cal. Rules of Court, rule 48(a).)*

For the foregoing reasons, the appeal is dismissed. The request for imposition of penalty is denied.

Wood, P. J., and Fourt, J., concurred.

---

*Formerly Rules on Appeal, rule 48(a).