[Civ. No. 45100. Second Dist., Div. Five. June 24, 1975.]

PATRICIA PARENTI, Plaintiff and Appellant, v.
LIFELINE BLOOD BANK, Defendant and Respondent.

332

**Counsel**

Bruce P. Wolfe for Plaintiff and Appellant.

Rutan & Tucker and Milord W. Dahl, Jr., for Defendant and Respondent.

## Opinion

**ASHBY, J.**—Plaintiff (appellant) received a blood transfusion at Woodruff Gables Hospital. The two pints of whole blood which were obtained by the defendant hospital from Lifeline Blood Bank (respondent) contained serum hepatitis. Appellant filed her first amended complaint on July 30, 1973, alleging three causes of action. The first cause of action is for strict liability, the second for breach of warranty, and the third for negligence.[1] On September 11, 1973, respondent demurred to the three causes of action. On September 25, 1973, the general demurrer to the first and second causes of action was sustained. At appellant's request, the demurrer was ordered to be without leave to amend. After filing her "Notice of Eligibility to File Certificate of Readiness," appellant, on May 3, 1974, pursuant to Code of Civil Procedure section 581, subdivision 1, filed a request for dismissal of the "[e]ntire action as to all defendants." The clerk entered the dismissal the same day. Also on May 3 appellant filed her notice of appeal "from a judgment of dismissal entered upon a sustaining of a Demurrer without leave to amend on September 25, 1973 . . . ."

Although her notice of appeal states that the appeal is from a judgment of dismissal, appellant in her brief purports to appeal from the order sustaining the demurrer without leave to amend as to the first and second causes of action. The probable explanation for this inconsistency is that there has been no judgment of dismissal. Misconstruing her notice of appeal appellant argues that the "Notice of Appeal specifically contains a statement that the Appeal is taken from the sustaining of a Demurrer without leave to amend as to the First and Second Causes of Action and specifically refers to a Dismissal on the remaining Cause of Action having been filed concurrently with the Notice of Appeal."

Since there is no appealable judgment, whether appellant bases her appeal on the dismissal under Code of Civil Procedure section 581, subdivision 1, or on the order sustaining respondent's general demurrer, or both, makes no difference because neither is appealable.[2]

---

[1]Health and Safety Code section 1606 provides that: "The procurement, processing, distribution, or use of whole blood, plasma, blood products, and blood derivatives for the purpose of injecting or transfusing the same, or any of them, into the human body shall be construed to be, and is declared to be, for all purposes whatsoever, the rendition of a service by each and every person, firm, or corporation participating therein, and shall not be construed to be, and is declared not to be, a sale of such whole blood, plasma, blood products, or blood derivatives, for any purpose or purposes whatsoever."

[2]Appellant claims that she followed "the exact same procedure followed in *Shepard* v.

## The Demurrer

An order sustaining a demurrer is nonappealable.[3] The Supreme Court in *Berri* v. *Superior Court,* 43 Cal.2d 856, at page 860 [279 P.2d 8], explained the nonappealability of an order sustaining a demurrer, as follows: ". . . Actions can be finally disposed of by an order sustaining a demurrer and the entry of an ensuing judgment dismissing the action. It is true that an order sustaining a demurrer without leave to amend is not appealable as it is not the final judgment in the case . . . and that the trial court may reconsider its ruling after such an order but before judgment and come to a different conclusion. (*Bank of America* v. *Superior Court,* 20 Cal.2d 697 [128 P.2d 357]; *Frantz* v. *Mallen,* 204 Cal. 159 [267 P. 314]; *Davis* v. *Stroud,* 52 Cal.App.2d 308 [126 P.2d 409]; *De La Beckwith* v. *Superior Court,* 146 Cal. 496 [80 P. 717].) ■ Ordinarily, in the absence of a request for a reconsideration, after a demurrer is sustained without leave to amend, as here, no formal motion to dismiss the action is necessary. The entry of a judgment of dismissal follows as a matter of course. ■ It is only by the entry of the judgment that plaintiff is in a position to test the correctness of the court's ruling since there is no appeal from a ruling on a demurrer but only from the ensuing judgment." (See also Code Civ. Proc., § 904.1; *Romero* v. *County of Santa Clara,* 3 Cal.App.3d 700, 704 [83 Cal.Rptr. 758]; *Kennedy* v. *Owen,* 85 Cal.App.2d 517, 519 [193 P.2d 141].)

## The Voluntary Dismissal

■ The difference between a voluntary dismissal and a dismissal which constitutes a judgment is well stated in *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.,* 33 Cal.App.3d 116, at page 120 [108 Cal.Rptr. 782], as follows: "A dismissal of an action by a plaintiff under section 581, subdivision 1, when a defendant has not sought affirmative relief, must be distinguished from dismissals entered by order

*Alexian Bros. Hospital, Inc.,* 33 C.A.3d 606 at [p. 608] footnote 1 [109 Cal.Rptr. 132] . . . ." That footnote, however, is not and does not purport to be a complete description of the procedural foundation of the appeal in that case and does not support the procedure followed by appellant in the instant appeal.

[3]The court in *Beazell* v. *Schrader,* 59 Cal.2d 577, 580 [30 Cal.Rptr. 534, 381 P.2d 390], appears to hold that under some circumstances an appeal may be taken from an order sustaining a demurrer without leave to amend. However, an analysis of that opinion shows that the trial court in sustaining the demurrer ordered that "plaintiff take nothing from defendant" and that the Supreme Court in effect merely assumed for the purposes of the appeal that an order of dismissal was incorporated in the order sustaining the demurrer and proceeded to affirm the determination of the trial court in favor of the respondent.

of court pursuant to other provisions of the code. It is available to plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor. If in proper form, the dismissal is effective immediately. (*Egly* v. *Superior Court,* 6 Cal.App.3d 476, 479-480 [86 Cal.Rptr. 18].) The entry is a ministerial, not a judicial, act, and no appeal lies therefrom (*Cook* v. *Stewart McKee & Co.,* 68 Cal.App.2d 758, 760-762 [157 P.2d 868]; see generally, 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 58, subd. (d), p. 4074)." (Also see *Lake* v. *Sterling,* 220 Cal.App.2d 35, 37 [33 Cal.Rptr. 584]; *Wilson* v. *Frakes,* 178 Cal.App.2d 580, 584 [3 Cal.Rptr. 434].)

Prior to the amendment of section 581, subdivision 1, in 1947, it was the rule that a plaintiff could not voluntarily dismiss an action after a demurrer had been sustained without leave to amend. (*Goldtree* v. *Spreckels,* 135 Cal. 666 [67 P. 1091]; *London* v. *Morrison,* 99 Cal.App.2d 876 [222 P.2d 941]; *Gibbon* v. *Justice's Court,* 81 Cal.App. 396 [253 P. 961]; *Provencher* v. *City of Los Angeles,* 10 Cal.App.2d 730 [52 P.2d 983].)[4]

■ In 1947, section 581, subdivision 1, was amended in pertinent part by deleting the words "at any time before the trial" and adding the present language "at any time before the actual commencement of trial, . . . A trial shall be deemed to be actually commenced at the beginning of the opening statement of the plaintiff or his counsel, and if there shall be no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." Since in the instant case no opening statement was made, witnesses sworn, nor evidence introduced, appellant had a right to obtain a voluntary dismissal. The effect of that voluntary dismissal is that the trial court is without jurisdiction to further act in the matter. (*Hopkins* v. *Superior Court,* 136 Cal. 552, 555 [69 P. 299]; *Cook* v. *Stewart McKee & Co.,* 68 Cal.App.2d 758, 761 [157 P.2d 868]; *Colby* v. *Pierce,* 17 Cal.App.2d 612, 614 [62 P.2d 778]; *Lake* v. *Sterling, supra,* 220 Cal.App.2d 35, 37; *Eddings* v. *White,* 229 Cal.App.2d 579, 583 [40 Cal.Rptr. 453].) ■ Thus, even though appellant had a right to have a judgment of dismissal entered after the order sustaining the demurrer without leave to amend,[5] appellant cannot now obtain such a judgment because the trial court has nothing before it on which to act.

---

[4]These cases were cited in *Berri* v. *Superior Court, supra,* 43 Cal.2d 856, 859, as having held that an action cannot be voluntarily dismissed after a demurrer without leave to amend had been sustained. However, the statement appears to be merely background and had nothing to do with the decision in that case.

[5]Respondent's brief was filed on January 10, 1975. In its brief respondent argues strongly that the appeal should be dismissed because no judgment has been entered and

Respondent argues that appellant's appeal should be dismissed for failure to comply with rule 15 (a)(b) of California Rules of Court in that her brief "contains no headings, topical index or table of authorities. It is unbound, typewritten and not printed, and contains no references to the record in support of the alleged facts set forth therein." Our disposition of the appeal makes consideration of this matter and other contentions of the parties unnecessary.

For the reasons stated, the appeal is dismissed.

Kaus, P. J., and Hastings, J., concurred.

---

that appellant seeks to appeal from a nonappealable order. In her reply brief filed January 29, 1975, appellant noted that argument but has made no effort at any time to have an appealable judgment entered.